| | |
|---|---|
| Mark R. Drozdowski | |
| NAME | |
| Office of the Federal Public Defender | |
| PRISON IDENTIFICATION/BOOKING NO. | |
| 321 East 2nd Street | |
| ADDRESS OR PLACE OF CONFINEMENT | |
| Los Angeles, CA 90012 | |

Note:   It is your responsibility to notify the Clerk of Court in writing of any change of address.  If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Harry Burkhart,

FULL NAME (*Include name under which you were convicted*)

Petitioner,

v.

Raymond Madden, Warden,

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV  22-349-JGB (JPR)
To be supplied by the Clerk of the United States District Court

☑   FIRST   AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
**28 U.S.C. § 2254**

PLACE/COUNTY OF CONVICTION   Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV
CV

**INSTRUCTIONS - PLEASE READ CAREFULLY**

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:

   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☑ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

    a. Place of detention  R. J. Donovan Correctional Facility, 480 Alta Road, San Diego, CA 92179

    b. Place of conviction and sentence  Los Angeles Co. Superior Court, 210 W. Temple St., Los Angeles, CA 90012

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).

    a. Nature of offenses involved (*include all counts*): Arson; attempt to burn; possession of flammable materials 453 (flammable materials),

    b. Penal or other code section or sections: CA Penal Code sections 451(b), (c), (d) (arson), 453 (flammable materials), 455 (attempt to burn)

    c. Case number: BA425399

    d. Date of conviction: September 2, 2016

    e. Date of sentence: March 23, 2018; April 7, 2021 (see Ex. 4)

    f. Length of sentence on each count: 33 years, 4 months total sentence

    g. Plea (*check one*):
        ☑ Not guilty
        ☐ Guilty
        ☐ Nolo contendere

    h. Kind of trial (*check one*):
        ☑ Jury
        ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☑ Yes   ☐ No

    If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

    a. Case number: B289069, B292354 (a second appeal is noted on the attached page 3A)

    b. Grounds raised (*list each*):

        (1) Trial counsel conceded Appellant's guilt in violation of the Sixth Amendment right to counsel and McCoy v. LA

        (2) Appellant is entitled to an eligibility hearing for mental health diversion

   (3) Appellant is entitled to a hearing on his ability to pay the assessments and fines

   (4) Appellant is entitled to a Franklin (youthful offender parole) hearing on remand

   (5) _____

   (6) _____

 c. Date of decision: August 19, 2020

 d. Result: Judgment conditionally reversed and remanded to trial court to conduct a hearing on Appellant's eligibility for mental health diversion, ability to pay fines, and whether he is entitled to Franklin hearing

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☑ Yes  ☐ No

   If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

   a. Case number: S264662

   b. Grounds raised *(list each)*:

    (1) Trial counsel conceded Appellant's guilt in violation of the Sixth Amendment right to counsel and McCoy

    (2) _____

    (3) _____

    (4) _____

    (5) _____

    (6) _____

   c. Date of decision: November 10, 2020

   d. Result: Denied

5. If you did not appeal:

   a. State your reasons _____

   b. Did you seek permission to file a late appeal?  ☐ Yes  ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?  ☑ Yes  ☐ No

   If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: Los Angeles County Superior Court

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

3A.  Burkhart's second appeal to the California Court of Appeal

    a. Case number:  B311433

    b. Grounds raised:  (1) Failure to hold a *Marsden* hearing violated Burkhart's state and federal constitutional rights to counsel; (2) denial of mental health diversion is reversible error; (3) trial counsel provided ineffective assistance under state and federal constitutional law by failing to obtain and present evidence that Burkhart suffers from a treatable mental illness

    c. Date of decision:  None yet; appeal pending

    d. Result:  None yet; appeal pending

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result   Denied _____

    _____

    (7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

b.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

c.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

(5) Date of decision: _____

(6) Result _____
_____

(7) Was an evidentiary hearing held?  ☐ Yes ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____
   (2) Result: _____
   _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION**: *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: <u>Judge G. Lomeli, who acted in interests of real arsonists, convicting of an obviously mentally ill person to cover the crime of real criminals. Judge Lomeli violated Burkhart's constitutional rights for fair trial</u>

   (1) Supporting FACTS: <u>Please see the package of documents and supporting facts, which Petitioner's mother and representative Dorothee Burkhart sent on January 1, 2022 by USPS, and which are incorporated herein by reference. Absolutely no defense from appointed public defender S. Schoenfield, but forced to accept wrong accusations and forced to go to prison for a crime of others and prosecutor misconduct.</u>

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☑ Yes ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☑ Yes ☐ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☑ Yes ☐ No

   b. Ground two: <u>Trial counsel conceded Burkhart's guilt in violation of his Sixth Amendment right to counsel and McCoy v. Louisiana, 138 S. Ct. 1500 (2018)</u>

   (1) Supporting FACTS: <u>Please see pages 3-24 of the attached memorandum, which are incorporated herein by reference as though set forth in full</u>

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☑ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☑ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

c. Ground three: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

d. Ground four: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e. Ground five: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
    ☐ Yes   ☑ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____
       (6) Result _____
       _____

       (7) Was an evidentiary hearing held?    ☐ Yes ☐ No

    b. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____

    (6) Result _____

    (7) Was an evidentiary hearing held?  ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?  ☐ Yes  ☑ No

    If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____
        (b) _____
        (c) _____
        (d) _____
        (e) _____
        (f) _____

12. Are you presently represented by counsel?  ☑ Yes ☐ No

    If so, provide name, address and telephone number: Mark R. Drozdowski, Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, CA 90012

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

                                            /s/ Mark R. Drozdowski
                                            *Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  04/08/2022         /s/ Mark R. Drozdowski for Petitioner Harry Burkhart
            *Date*                                               *Signature of Petitioner*

**ADDENDUM TO FORM HABEAS CORPUS PETITION: ALLEGATIONS APPLICABLE TO ALL CLAIMS**

1. In the interest of brevity and to avoid repetition, Burkhart makes the following allegations for each of his individual claims and incorporates these allegations into each claim:

2. The facts in support of each claim are based on the allegations in this First Amended Petition ("Petition"); the exhibits to the Petition; the entire record of all the proceedings involving Burkhart in the California state courts, including the documents, exhibits and pleadings in (1) Los Angeles County Superior Court Case No. BA425399 (trial); (2) *People v. Burkhart*, California Court of Appeal Case Nos. B289069, B292354, and B311443 (appeals); (3) *People v. Burkhart*, California Supreme Court Case No. S264662 (petition for review); judicially-noticed facts; and all other documents and facts that Burkhart may develop and present. Burkhart incorporates herein by reference the exhibits and other documents cited in this Petition and the record from the state cases noted above. The allegations set forth in this Petition generally are incorporated by this reference into each individual claim as though set forth in full.

3. Legal authorities in support of each claim are briefly identified within that claim. Each claim is based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). 28 U.S.C. § 2254(d) does not bar relief on any of Burkhart's claims; nor does the rule of *Teague v. Lane*, 489 U.S. 288 (1989), or any other procedural rule. The Court cannot properly deny Burkhart relief without first affording him an opportunity for discovery and an evidentiary hearing to further show his entitlement to relief. Burkhart requests the opportunity to brief his entitlement to Court-sponsored fact development and relief.

4. The violation of Burkhart's constitutional rights constitutes structural error and warrants the granting of this Petition without any determination of whether the error was harmless. Even assuming that the harmless error doctrine applies, however,

relief is nevertheless required because the error "had substantial and injurious effect or influence" in determining Burkhart's convictions and sentences. *Davis v. Ayala*, 576 U.S. 257, 267-268 (2015); *Fry v. Pliler*, 551 U.S. 112, 119-22 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 627, 631, 638 (1993). Relief is also required because the error so infected the integrity of the proceeding as to warrant habeas relief even if it did not substantially influence the jury's verdict. *Brecht*, 507 U.S. at 638 n.9.

5. The constitutional violations set forth in each individual claim alone mandate relief from the convictions and sentences. However, even if these violations do not mandate relief standing on their own, relief is required when each claim is considered together with the additional errors alleged in the other claims in the Petition. Cumulatively, these errors mandate relief from Burkhart's convictions and sentences. *Chambers v. Mississippi*, 410 U.S. 284 (1973); *Parle v. Runnels*, 505 F.3d 922, 927 & nn.5, 6 (9th Cir. 2007).

6. If Respondent contends that any claim should not be considered on the merits because the final state court decision found the claim to be procedurally barred under state law, Burkhart contends that the bar does not preclude federal merits review because it is not an adequate and independent state ground. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). If this Court finds any claim to be procedurally defaulted, federal review of the merits of the claim is nevertheless required because Burkhart can establish cause and prejudice for the default (*see* next paragraph) and because the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *House v. Bell*, 547 U.S. 518, 522 (2006).

7. To the extent that any claim, or part thereof, is deemed to be unexhausted, untimely, or procedurally or otherwise barred, it is a result of the ineffective assistance of prior counsel (state trial, appellate, and/or habeas counsel), the lack of state habeas counsel, and/or inadequate state court funding for post-conviction proceedings, and accordingly this Court should adjudicate the claim on the merits. Prior counsel (state

| | |
|---|---|
| 1 | trial, appellate and/or habeas counsel) were ineffective in not raising the claim earlier. |
| 2 | *Trevino v. Thaler*, 569 U.S. 413, 417, 428-429 (2013); *Martinez v. Ryan*, 566 U.S. 1, 17 |
| 3 | (2012); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Petitioner's actual innocence also |
| 4 | excuses the late filing of any claims.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013). |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |